Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| Sharon McCullagh, individually and on behalf of other similarly situated.  :<br><br>Plaintiff,  :<br><br>v.  :<br><br>SmartMatch Insurance Agency, LLC  :<br><br>Defendant.  : | No.<br>1:25-cv-174<br><br><br><br>CLASS ACTION COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

Plaintiff Sharon McCullah, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.  <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between

'[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

2.    "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3.    Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls, including text messages, to numbers on the National Do Not Call Registry, including her own.

## PARTIES

4. Plaintiff resides in this District, in Lake County.

5. Defendant SmartMatch Insurance Agency, LLC is a Missouri limited liability company.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has personal jurisdiction over SmartMatch because the company makes telemarketing calls into this District.

8. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) because the telephone calls at issue were sent into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**FACTUAL ALLEGATIONS**

12. Defendant SmartMatch is a "person" as the term is defined by 47 U.S.C. § 153(39).

13. Ms. McCullagh's telephone number, (541) XXX-XXXX, is a residential telephone number.

14. Ms. McCullagh telephone number has been on the National Do Not Call Registry since July of 2024.

15. Despite this, Ms. McCullagh received at least 6 telemarketing calls from the Defendant.

16. The calls were made for the purpose of offering Medicare supplemental health insurance.

17. The Plaintiff indicated that she was not interested in on the first three calls.

18. Despite that, she still received the subsequent calls.

19. SmartMatch relies on telemarketing to generate new customers.

20. Indeed, SmartMatch has previously been sued in lawsuits alleging violations of the TCPA.

21. The Plaintiff did not consent to telemarketing calls from the Defendant.

22. The calls were not necessitated by an emergency.

23. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they may have been charged for incoming calls. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

24. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

25. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) and Oregon Local Rule 23-2.

26. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

27. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the Class members.

28. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

30. This Class Action Complaint seeks injunctive relief and money damages.

31. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

32.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

33.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

34.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

35.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

36.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

(a) Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;
(b) Whether Defendant's conduct constitutes a violation of the TCPA; and
(c) The availability of statutory penalties.

37.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

38.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

39.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

40. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

41. Plaintiff incorporates the allegations from all previous paragraphs 1–40 as if fully set forth herein.

42. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

43. Defendant's violations were negligent, willful, or knowing.

44. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

B.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

C.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: January 31, 2025                    Respectfully submitted,

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529 (CALL-LAW)
Lead Attorney for Plaintiff and the Proposed Class

s/Anthony Paronich
Anthony Paronich, Mass. BBO No. 678437
(*Pro Hac Vice* Forthcoming)
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
617-485-0018
Attorney for Plaintiff and the Proposed Class