**George S. Pitcher, OSB #963982**
George.Pitcher@wilsonelser.com
**Rachel Robinson, OSB #084550**
Rachel.Robinson@wilsonelser.com
**Maryn Sommerfeldt, OSB #244842**
Maryn.Sommerfeldt@wilsonelser.com
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3030
Facsimile: 971.352.3019
*Attorneys for Defendant Interest Media, Inc.*

**Michael Alltmont,** *admitted Pro Hac Vice*
malltmont@wilsonelser.com
SESSIONS, ISRAEL, & SHARTLE, LLC
3838 N. Causeway Blvd., Ste. 2800
Metairie, Louisiana 70002
Telephone: 504.846.7954
Facsimile: 504.828.3737
*Attorneys for Defendant SmartMatch
Insurance Agency, LLC.*

Hon. Mark D. Clarke

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **SHARON MCCULLAGH,** | Case No. 1:25-cv-00174-CL |
| Plaintiff, | DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS |
| vs. | |
| **SMARTMATCH INSURANCE AGENCY, LLC,** and **INTEREST MEDIA, INC.,** | |
| Defendants. | Oral Argument Requested |

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................. 1

REPLY ................................................................................................................. 1

    A.    The Arbitration Agreement is binding and enforceable, so the Court
should compel arbitration and stay the case. ...................................................... 1

        1. Defendants have provided sufficient evidence that Plaintiff accepted
the Site's Terms of Use. ........................................................................................ 1

        2. All questions of enforceability are for the arbitrator to decide, not this Court. ....... 3

        3. Defendants can enforce the Arbitration Agreement. ................................................. 5

        4. The Terms of Use are an enforceable hybrid clickwrap/browsewrap
agreement, so the Arbitration Agreement should be enforced. ................................ 12

        5. The Federal E-Sign Act has nothing to do with the motion to compel arbitration
and, in any event, the TCPA consent here complies with the act. ........................... 18

    B.    The class allegations should be stricken. ................................................. 19

CONCLUSION ...................................................................................................... 20

Page i – DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL ARBITRATION AND STAY
PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ahlstrom v. Dhi Mortg. Co., L.P.*,
No. 19-cv-03435-BLF,
2020 U.S. Dist. LEXIS 264144 (N.D. Cal. 2020) ....................................................5

*Arthur Andersen LLP v. Carlisle*,
556 U.S. 624, 129 S. Ct. 1896, 173 L. Ed. 2d 832 (2009)...................................8, 9

*Berman v. Freedom Financial Network, LLC*,
30 F.4th 849 (9th Cir. 2022) ...............................................................13, 14, 15, 16

*Bradley v. Dentalplans.com*,
No. 20-1094-BAH,
2024 U.S. Dist. LEXIS 100550 (D. Md. June 6, 2024)..........................................18

*Conrad v. Camping World Holdings Inc.*,
No. 4:24-cv-171-CLM,
2025 U.S. Dist. LEXIS 6373 (N.D. Al. Jan. 9, 2025)...............................................2

*Cornelio v. Premere Rehab., LLC*,
342 Or. App. 399, ___ P.3d ___ (Or. Ct. App. 2025)...............................................9

*Fli-Lo Falcon, LLC v. Amazon.com, Inc.*,
97 F.4th 1190 (9th Cir. 2024) .................................................................................4

*Glazer & Assocs. v. Teleport, Inc.*,
No. CV-01-1080-ST,
2001 U.S. Dist. LEXIS 22830 (D. Or. Sept. 13, 2001)............................................7

*Halone's Auto Repair v. B&R Auto Wrecking*,
251 Or. App. 818, 285 P.3d 739 (Or. Ct. App. 2012)..........................................5, 6

*Herrera v. Cathay Pac. Airways Ltd.*,
104 F.4th 702 (9th Cir. 2024) .................................................................................9

*Hobbs v. Appollo Interactive, Inc.*,
No. 4:19-CV-57 (CDL),
2019 U.S. Dist. LEXIS 216357 (M.D. Ga. Dec. 17, 2019) .....................................2

*Hope v. Early Warning Servs. LLC*,
No. SA CV 22-0439-DOC-ADS,
2023 U.S. Dist. LEXIS 151698 (C.D. Cal. July 13, 2023) ...................................4, 5

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

*Keebaugh v. Warner Bros. Ent. Inc.*,
  100 F.4th 1005 (9th Cir. 2024) ...................................................................12

*Kramer v. Toyota Motor Corp.*,
  705 F.3d 1122 (9th Cir. 2013) .....................................................................9

*Livingston v. Metro. Pediatrics, LLC*,
  234 Or. App. 137, 227 P.3d 796 (Or. Ct. App. 2010)...................................9

*Mantha v. QuoteWizard.com, LLC*,
  No. 19-12235-LTS,
  2021 U.S. Dist. LEXIS 245059 (D. Mass. Dec. 13, 2021) .........................18

*MasTec N. Am., Inc. v. Coos County*,
  No. 04-278-AA,
  2007 U.S. Dist. LEXIS 50082 (D. Or. July 6, 2007).................................6, 7

*Meyer v. Uber Techs., Inc.*,
  868 F.3d 66 (2d Cir. 2017).........................................................................15

*Nguyen v. Barnes & Noble Inc.*,
  763 F.3d 1171 (9th Cir. 2014) ...............................................................12, 13

*In Re Ring LLC Privacy Litig.*,
  No. CV 19-10899-MWF,
  2021 U.S. Dist. LEXIS 118461 (C.D. Cal. June 24, 2021) .........................12

*Sauer v. Experian Info Sols., Inc*,
  No. 8:21-cv-00963-JLS-DFM,
  2022 U.S. Dist. LEXIS 109086 (C.D. Cal. May 12, 2022) ...........................4

*Starling v. OnProcess Technology, Inc.*,
  No. 1:23-cv-10949-JEK,
  2024 U.S. Dist. LEXIS 52292 (D. Mass. March 25, 2024).....................10, 11

*Stonecrest Properties, LLC v. City of Eugene*,
  280 Or. App. 550, 382 P.3d 539 (Or. Ct. App. 2016)..................................9

*Uhlmann v. Kin Daw*,
  97 Or. 681, 193 P. 435 (Or. 1920) ..............................................................6

*Woodard v. SmartMatch Insurance Agency, LLC*,
  No. 23 CV 5246,
  2024 U.S. Dist. LEXIS 170174 (N.D. Ill. Sept. 20, 2024) ...........................2

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

*Zamudio v. Aerotek, Inc.*,
    698 F. Supp. 3d 1202 (E.D. Cal. Oct. 12, 2023).......................................................3

**Statutes**

15 USCS § 7001.......................................................................................................18

15 USCS § 7001(c)(A)-(B).....................................................................................18

Or. Rev. Stat. § 84.025(1)......................................................................................2, 3

Or. Rev. Stat. § 648.007........................................................................................6, 7

Or. Rev. Stat. § 648.007(1)........................................................................................7

Or. Rev. Stat. § 648.135........................................................................................6, 7

Or. Rev. Stat. § 701.065........................................................................................6, 7

Page iv – DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL ARBITRATION AND STAY
PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

## INTRODUCTION

The Court should compel arbitration of Plaintiff's claims against Defendants SmartMatch Insurance Agency, LLC ("SmartMatch") and Interest Media, Inc. ("Interest Media") (collectively, "Defendants") and stay this case. The evidence here is sufficient for the Court to conclude that Plaintiff agreed to the Terms of Use on freesamplesprousa.com ("freesamplesprousa.com" or "the Site") on September 29, 2024, and to compel arbitration. However, if the Court believes that a question of fact remains as to whether Plaintiff accepted the Terms of Use, the case should be set for a mini-trial on the acceptance issue following a brief discovery period. All of Plaintiff's other arguments regarding enforcement lack merit or are issues for the arbitrator, and not this Court, to decide.

The Court also should strike the class allegations. The class claims are precluded by the Class Action Waiver in the Terms of Use and Plaintiff's response shows that individual issues will predominate.

## REPLY

**A.    The Arbitration Agreement is binding and enforceable, so the Court should compel arbitration and stay the case.**

    **1.    Defendants have provided sufficient evidence that Plaintiff accepted the Site's Terms of Use.**

Plaintiff argues that a mini-trial on the issue of contract formation should be ordered because "the factual question of whether [Plaintiff] even agreed as a matter of contract is called into issue." Plaintiff's Response (Dkt. No. 34), p. 3. Alternatively, Plaintiff argues that the motion to compel arbitration should be denied outright because "Defendants have and will be unable to meet their burden of demonstrating even a genuine issue of material fact on the arbitration issue." *Id*. at p. 11. Plaintiff's argument is not well taken.

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

Plaintiff's declaration does not create a genuine issue of material fact as to whether she accepted the Site's Terms of Use and falls far short of the type of information that was present in many of the cases Plaintiff cites. For example, in *Hobbs v. Appollo Interactive, Inc.*, No. 4:19-CV-57 (CDL), 2019 U.S. Dist. LEXIS 216357 (M.D. Ga. Dec. 17, 2019), the plaintiff presented evidence that "it would have been impossible for him to access the website in the manner Defendant says he did" because, at the time of his alleged website access, (1) he was not in the city that the IP address from which the website was accessed traced back to, and (2) he did not own any device that used the operating system from which the website was accessed. *Id*. at *3-4. Similarly, in *Woodard v. SmartMatch Insurance Agency, LLC*, No. 23 CV 5246, 2024 U.S. Dist. LEXIS 170174 (N.D. Ill. Sept. 20, 2024), the plaintiff came forward with evidence that "she used an Android phone at the relevant time but the website was accessed via an iPhone, [so] she could not possibly be the website user." *Id*. at *5-6. Likewise, in *Conrad v. Camping World Holdings Inc.*, No. 4:24-cv-171-CLM, 2025 U.S. Dist. LEXIS 6373 (N.D. Al. Jan. 9, 2025), the plaintiff came forward with evidence that it would have been "impossible for [him] to have sent a text message from 256-xxx-8185 in January 2022 [to opt into the defendant's recurring text service, which included an arbitration provision] because that telephone number was not [his] at the time[;]" the phone number was assigned to him in September 2023. *Id*. at *5.

Here, Plaintiff's declaration includes statements like she "likely would have been asleep" at the time of the Site visit and "ha[s] no record of any web browsing history on September 29 or September 30." Plaintiff's Declaration (Dkt No. 35) ("Plaintiff's Decl."), ¶¶ 13-14. Those facts are simply not akin to the facts that were present in many of the cases Plaintiff cites.

Moreover, the evidence supports a finding that Plaintiff agreed to the Terms of Use. Under Oregon law, an electronic record or signature "is attributable to a person it if was the act

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

of a person." Or. Rev. Stat. § 84.025(1). An electronic record or signature may be shown to be the act of a person "in any manner[.]" *Id*. The standard for signature authentication is "not a high burden[.]" *Zamudio v. Aerotek, Inc.*, 698 F. Supp. 3d 1202, 1208 (E.D. Cal. Oct. 12, 2023).

The personal information about Plaintiff that was entered into the Site, which Plaintiff acknowledges is "accurate," in conjunction with the IP address, which Plaintiff, notably, has not denied is associated with her and which traces back to the very same small town in which Plaintiff resides, is more than enough to meet the standard for authentication. *See* Declaration of Jeremy Matthew Hoggatt (Dkt. No. 27) ("Hoggatt Decl. ISO Mtns"), ¶¶ 6, 9-11; Declaration of Rachel A. Robinson (Dkt. No. 28) ("Robinson Decl. ISO Mtns"), ¶¶ 2-4; Plaintiff's Decl., ¶ 19.

Plaintiff's argument that the information could have been pulled from Plaintiff's 2021 restraining order petition or Plaintiff's 2022 small claims complaint is completely unsupported. *See* Plaintiff's Response, p. 7; Plaintiff's Decl., ¶ 19. Neither document contains the phone number, email address, or birthdate that was entered into the Site. *See* Ex. A to Robinson Decl. ISO Mtns (Dkt. No. 28-1); Ex. B to Robinson Decl. ISO Mtns (Dkt. No. 28-2); Hoggatt Decl. ISO Mtns, ¶¶ 6, 9-11; Ex. A to Hoggatt Decl. ISO Mtns (Dkt. No. 27-1). There also is no support in the record for Plaintiff's claim that "all of the information allegedly 'submitted' by [Plaintiff] is readily obtained through a simple Google search." Plaintiff's Response, p. 7.

Here, the standard for authentication has been met and the motion to compel arbitration should be granted. However, if the Court has any question, the proper procedure, as Plaintiff agrees, is to set the case for a mini-trial on the issue of contract formation.

## 2.     All questions of enforceability are for the arbitrator to decide, not this Court.

If the Court finds Plaintiff agreed to arbitration, any questions regarding enforceability are for the arbitrator to decide, not the Court. That is so because: (1) the arbitration requirement

Page 3 – DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL ARBITRATION AND STAY
PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

is not limited to disputes between Plaintiff and freesamplesprousa.com; the Arbitration

Agreement compels arbitration of "any and all disputes or claims with or against any party[;]"

and (2) the Arbitration Agreement includes a broad delegation clause, delegating issues of

arbitrability, including enforceability, to the arbitrator.[1] *See* Ex. B to Hoggatt Decl. ISO Mtns, p.

4 (§ 5); *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190 (9th Cir. 2024) (citations

omitted) (explaining that "[t]he presence of a delegation clause further limits the issues that a

court may decide" and "[w]hen the parties have 'clearly and unmistakably' delegated questions

regarding arbitrability to the arbitrator, the court need not conduct further inquiries beyond the

existence of the arbitration agreement"); *Sauer v. Experian Info Sols., Inc*, No. 8:21-cv-00963-

JLS-DFM, 2022 U.S. Dist. LEXIS 109086, at *5-9 (C.D. Cal. May 12, 2022) (holding "language

in arbitration provision demands that the arbitrator decide threshold issues, such as whether, as

an affiliate, Experian is considered a third-party beneficiary within the scope of the Arbitration

Agreement" where arbitration requirement extended to "affiliates" of ECS and the agreement

delegated exclusive authority to resolve disputes regarding "the scope and enforceability of th[e]

arbitration provision" to the arbitrator); *Hope v. Early Warning Servs. LLC*, No. SA CV 22-

0439-DOC-ADS, 2023 U.S. Dist. LEXIS 151698, at *16-18 (C.D. Cal. July 13, 2023) ("Because

---

[1] The delegation clause provides:

> The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute arising out of or relating to the interpretation, applicability, enforceability or formation of this Agreement to Arbitrate, any part of it, or of this Agreement including, but not limited to, any claim that all or any part of the Agreement to Arbitrate or this Agreement is void or voidable.

Ex. B to Hoggatt Decl. ISO Mtns, p. 4 (§ 5 (Arbitration Procedures)).

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

the terms of the arbitration provision expressly delegate questions of arbitrability and enforceability to the arbitrator, the Court must compel arbitration on the issue of whether Defendant [non-signatory] may enforce the U.S. Bank Deposit Account Agreement."); *Ahlstrom v. Dhi Mortg. Co., L.P.*, No. 19-cv-03435-BLF, 2020 U.S. Dist. LEXIS 264144, at *15 (N.D. Cal. 2020) (rejecting argument "that DHIM Ltd. cannot move to compel arbitration because it is not a signatory of the MAA" because the MAA provided that claims against the signatory's "affiliates[,]" like DHIM Ltd., are subject to arbitration and "whether the MAA covers claims against DHIM Ltd. go to the enforceability of the MAA, which is delegated to the arbitrator") (citation omitted). Thus, the Court should grant the motion to compel arbitration and leave issues of enforceability for the arbitrator to decide.

### 3.        Defendants can enforce the Arbitration Agreement.

Plaintiff argues that the Arbitration Agreement cannot be enforced by either Defendant because there is "no basis to conclude that Defendants themselves (as opposed to a web domain) are signatories or non-signatory beneficiaries of the arbitration agreement." Plaintiff's Response, p. 15. Even if that were an issue for this Court rather than the arbitrator (which it is not for the reasons set forth in section A(2), above), Plaintiff's argument fails for several reasons.

First, Plaintiff is wrong that Interest Media is not a "signator[y]" to the Terms of Use and, thus, the Arbitration Agreement. Freesamplesprousa.com is simply a name under which Interest Media does business; it is not a separate and distinct entity from Interest Media. Declaration of Jeremy Matthew Hoggatt in Support of Reply (filed herewith) ("Hoggatt Decl. ISO Reply"), ¶ 2; *see also* Hoggett Decl. ISO Mtns, ¶ 3 (Interest Media owns and operates freesamplesprousa.com); *see also*, *Halone's Auto Repair v. B&R Auto Wrecking*, 251 Or. App. 818, 824, 285 P.3d 739 (Or. Ct. App. 2012) ("Unlike an individual partner in a partnership, an

Page 5 – DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

assumed business name is not a separate legal entity, distinct from the individual or entity that

does business using that name.") (citations omitted). In other words, freesamplesprousa.com *is*

Interest Media. Hoggatt Decl. ISO Reply, ¶ 2. Thus, the reference on page one of the Terms of

Use to freesamplesprousa.com is a reference to Interest Media. *See* Ex. B to Hoggatt Decl. ISO

Mtns (Dkt. No. 27-2), p. 1.

   Contrary to Plaintiff's suggestion, there is nothing that prevents a company from

contracting under an assumed business name and any purported failure to register

freesamplesprousa.com as such has no impact on Interest Media's ability to compel arbitration of

this case. Indeed, the Oregon Supreme Court has held that failure to register an assumed business

name does not render a contract void, *Uhlmann v. Kin Daw*, 97 Or. 681, 193 P. 435 (Or. 1920),

and the plain language of Oregon Revised Statute section 648.135 (the statute Plaintiff relies

upon to argue that Interest Media is prohibited from compelling arbitration based on the use of

an assumed business name) supports only one conclusion: that is, that it does not apply in federal

court and does not apply to action a defendant takes in defense of a claim, such as a motion to

compel arbitration.

   Oregon Revised Statute section 648.135 provides, in relevant part, as follows:

>    A person who carries on, conducts or transacts business in
>    violation of ORS 648.007 shall lack standing before the courts of
>    this state to maintain a cause of action for the benefit of the
>    business.

   As relevant here, the statute only prohibits (1) a party who fails to register an assumed

business name from prosecuting a lawsuit for the benefit of the business (2) in Oregon state

court. It does *not* prohibit anything in federal court and does *not* prohibit a party using an

assumed business name from defending a case. *See MasTec N. Am., Inc. v. Coos County*, No. 04-

278-AA, 2007 U.S. Dist. LEXIS 50082, at *25-27 (D. Or. July 6, 2007) (holding that Oregon

Case 1:25-cv-00174-CL    Document 40    Filed 11/13/25    Page 12 of 25

Revised Statute section 701.065, which was similar to Oregon Revised Statute section 648.135 in that it provided that a contractor could not commence legal action "in any court of this state for compensation" unless the contractor had a valid license, "does not apply to causes of action brought in federal court, as the statute bars only legal action 'in any court of this state'"); *Glazer & Assocs. v. Teleport, Inc.*, No. CV-01-1080-ST, 2001 U.S. Dist. LEXIS 22830, at \*7-8 (D. Or. Sept. 13, 2001) (holding Oregon Revised Statute section 648.135, the exact statute Plaintiff relies upon here, "does not prohibit an unregistered corporation from defending a cause of action filed against it in Oregon state court" and rejecting argument that removal to federal court by an unregistered corporation was prohibited by the statute because "[r]emoving this case to federal court is in response to [the plaintiff's] cause of action, not the maintenance of a cause of action prohibited by the statute").[2]

The second reason that Plaintiff's argument fails is because, even if freesamplesprousa.com was not the same thing as Interest Media (which it is), the Terms of Use do not, as Plaintiff contends, "by its very terms, [provide that] the agreement only is between the website visitor and freesamplesprousa.com[.]" Plaintiff's Response, p. 12 (italics in original

---

[2] Given that Oregon Revised Statute section 648.135 does apply in federal court and does not prohibit action in defense of a claim, it does not matter but Interest Media disputes that it has any obligation to register freesamplesprousa.com as an assumed business name under Oregon Revised Statute section 648.007. Oregon Revised Statute section 648.007 provides that "[n]o person shall carry on, conduct or transact business under an assumed business name in a county where the business is located, where a physical facility of the business is located or where an employee of the business is stationed, unless the person has registered the assumed business name as provided in this chapter and maintains a current registration." Or. Rev. Stat. § 648.007(1). Here, there is no evidence that Interest Media is located in Oregon, has a physical facility in Oregon, or has an employee stationed in Oregon, so no evidence that the registration requirement even applies. Interest Media is a Delaware corporation with its principal place of business in Missouri. *See* Hoggatt Decl. ISO Reply, ¶ 3. It has no physical location in Oregon and no employees stationed in Oregon. *Id.*

Page 7 – DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

omitted). Plaintiff ignores the first paragraph of the Terms of Use, which provides, in relevant

part, as follows:

> freesamplesprousa.com (the "Website", "Company", "us", "we",
> or "our") has developed these Terms and Conditions. These Terms
> and Conditions ("Terms") and any supplements or amendments to
> it, together with our Privacy Policy (collectively, the "Agreement")
> form a legally binding agreement between you ("you", "your", or
> "user") and the Company, its directors, officers, parents,
> subsidiaries and representatives.

Ex. B to Hoggatt Decl. ISO Mtns, p. 1 (emphasis added).

If freesamplesprousa.com were something separate and distinct from Interest Media,

Interest Media certainly comes within the underlined language after "the Company," at a

minimum as a "parent" of freesamplesprousa.com. *See* Hoggatt Decl. ISO Mtns, ¶ 3

(freesamplesprousa.com is owned and operated by Interest media). Thus, Interest Media is a

party to the Terms of Use and is entitled to enforce the Arbitration Agreement, which requires

"all disputes or claims with or against any party that relates to or arises from your use of or

access to the Website, or any products or services sold, offered, or purchased through the

Website" to be "resolved exclusively through final and binding arbitration." *See* Ex. B to

Hoggatt Decl. ISO Mtns, p. 4 (§ 5).

The third reason that Plaintiff's argument fails is that, even if the Court were to conclude

that Interest Media is not a party to the agreement, Defendants are entitled to enforce the

Arbitration Agreement as third-party beneficiaries of the agreement. The United States Supreme

Court has held that "a litigant who was not a party to the relevant arbitration agreement may

invoke [arbitration under the FAA] if the relevant state contract law allows [the litigant] to

enforce the agreement." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632, 129 S. Ct. 1896,

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

173 L. Ed. 2d 832 (2009); *see also Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 707 (9th Cir. 2024); *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013).

      Under Oregon law, an intended third-party beneficiary—as determined by the contract's language and the parties' intent—may enforce an agreement. *Cornelio v. Premere Rehab., LLC*, 342 Or. App. 399, 410, _____ P.3d ____ (Or. Ct. App. 2025); *Livingston v. Metro. Pediatrics, LLC*, 234 Or. App. 137, 149, 227 P.3d 796 (Or. Ct. App. 2010); *Stonecrest Properties, LLC v. City of Eugene*, 280 Or. App. 550, 556-57, 382 P.3d 539 (Or. Ct. App. 2016). To be an intended beneficiary, the third party does not need to be named in the contract. *Cornelio*, 342 Or. App. at 409. The parties need only have an intent to confer a right or benefit on the third party. *Id.*

      Here, the plain language of the agreement extends the arbitration obligation beyond claims by Plaintiff against freesamplesprousa.com and requires arbitration of any claims by Plaintiff against <u>anyone</u> that relate to Plaintiff's use of the Site or any products or services offered through the Site. The first sentence of the Arbitration Agreement provides:

> You and we each agree that <u>any and all disputes or claims with or against any party</u> that relate to or arise from your use of or access to the Website, or any products or services sold, offered, or purchased through the Website shall be resolved exclusively through final and binding arbitration, rather than in court, except that you may assert claims in small claims court, if your claims qualify.

Ex. B to Hoggatt Decl. ISO Mtns, p. 4 (§ 5) (emphasis added).

      The claims in this case undoubtedly relate to or arise from Plaintiff's use of or access to freesamplesprousa.com, or services offered through the Site, since the claims relate to calls SmartMatch allegedly made to Plaintiff based on information that was submitted, and consent that was provided, for calls by SmartMatch via the Site.[3] Because the Arbitration Agreement

---

[3] Plaintiff dedicates half a page of her response to an argument about valid Telephone Consumer

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

broadly requires arbitration of all claims against all parties, Defendants are entitled to enforce the arbitration requirement.

The case law relied on by Plaintiff is inapplicable and inapposite. *Starling v. OnProcess Technology, Inc.*, No. 1:23-cv-10949-JEK, 2024 U.S. Dist. LEXIS 52292 (D. Mass. March 25, 2024), the case Plaintiff suggests is "instructive" as to whether Defendants can enforce the Arbitration Agreement, is nothing like this case. *See* Plaintiff's Response, p. 12. *Starling* involved an arbitration agreement between AT&T and one of its subscribers, Pinn. 2024 U.S. Dist. LEXIS 52292, at *2-4. AT&T asked its subscribers for an alternate contact number, and Pinn provided Starling's phone number as an alternate number for Pinn's account. *Id.* at *3-4. Starling brought TCPA claims against AT&T and OnProcess Tech, Inc. ("OnProcess") for calls Starling received from OnProcess about Pinn's AT&T account. *Id.* at *6-9.

AT&T did not dispute that Starling was not a party to the Terms of Service and was not Pinn's agent for purposes of the AT&T account. *Id.* at *8, 14-15. Instead, AT&T argued that "equitable estoppel principles should bind Starling, as a nonsignatory, to Pinn's arbitration agreement with AT&T." *Id.* at *15.

---

Protection Act ("TCPA") consent not being provided for calls by SmartMatch because, according to Plaintiff, the TCPA requires consent from the consumer to telemarking calls from a specific seller and the TCPA consent language here did not identify SmartMatch by name. *See* Plaintiff's Response, p. 15. That argument makes no sense. ***First*** and foremost, the argument is irrelevant because the only issue in this motion is whether Plaintiff agreed to arbitration, and not whether she consented to receive phone calls. TCPA consent is not at issue. ***Second***, The TCPA consent language is set forth in paragraph 13 of the September 12, 2025, declaration of Jeremy Matthew Hoggatt, and it identifies SmartMatch by name. *See* Hoggatt Decl. ISO Mtns, ¶ 13 (survey question providing, in relevant part, that, by clicking one of the identified Medicare or Medicaid buttons, "I provide my express written consent … for a licensed sales agent associated with SmartMatch Insurance Agency LLC to contact me via chat, text, or call at 5414172942, even if the phone number provided is on the National Do Not Call registry, regarding products or services, including Medicare Supplement, Medicare Advantage, Prescription Drug Insurance plans, and other health-related services").

Page 10 – DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

AT&T's motion was based on a "direct benefits equitable estoppel theory"—a theory recognized under Massachusetts law (the law at issue in *Starling*) that allows a signatory to estop a nonsignatory from ***avoiding*** arbitration where the nonsignatory knowingly exploited and benefitted from the agreement containing an arbitration clause such that the benefit was "direct." *Id*. (citations omitted). Short of such knowing acts, a benefit may be "indirect." *Id*. at *16. The court held the arbitration agreement could not be enforced by AT&T against Starling under a direct equitable estoppel theory because her benefit was, at best, indirect. *Id.* at *16-19 ("Starling did not directly benefit from Pinn's contract by, for example, using her sister's interest service[.]"). *Starling* fundamentally stands for the proposition that a nonsignatory can be equitably estopped from being ***excluded*** from the agreement. Plaintiff appears to rely on *Starling* for the proposition that Defendants should be equitably estopped from being ***included*** in the agreement. *Starling* is inapposite and simply does not apply.

To be sure, *Starling* has nothing to do with the issues raised here because Defendants are not making a direct benefits equitable estoppel argument. Their arguments are that: (1) Interest Media is a signatory to the agreement and is entitled to enforce the Arbitration Agreement because it is freesamplesprousa.com; (2) even if that were not true, Interest Media is entitled to enforce the Arbitration Agreement given that the Terms of Use state that they create a legally binding agreement between the user and the Site and "its directors, officers, parents, subsidiaries and representatives[,]" which includes Interest Media; and (3) even if that were not true, Defendants are entitled to enforce the Arbitration Agreement under a third-party beneficiary theory because the agreement requires arbitration of "any and all disputes or claims with or against any party that relate to or arise from your use of or access to the Website, or any products

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

or services sold, offered, or purchased through the Website[."] Ex. B. to Hoggatt Decl. ISO

Mtns, p. 4 (§ 5) (emphasis added).

4.   **The Terms of Use are an enforceable hybrid clickwrap/browsewrap**
     **agreement, so the Arbitration Agreement should be enforced.**

Plaintiff's next argument is that the motion to compel arbitration should be denied

because the Terms of Use are an unenforceable browsewrap agreement. Plaintiff is wrong. The

Terms of Use are an enforceable hybrid clickwrap/browsewrap agreement.

As explained in Defendants' motion to compel arbitration, the Ninth Circuit has

recognized that contracts formed on the internet fall across a spectrum, with "clickwrap"

agreements, i.e., agreements which require the user to manifest consent to the terms by

affirmatively clicking on a box indicating their agreement after being presented with the terms,

on one end of the spectrum and "browsewrap" agreements, i.e., agreements which are generally

claimed as a result of terms of use being posted at the bottom of the website along with a

statement that continued use of the website constitutes acceptance of the terms, on the other end

of the spectrum. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175-76 (9th Cir. 2014). In

between the two extremes are "hybrid clickwrap/browsewrap agreements," which are

agreements that are formed when "the user is provided with an opportunity to review the terms

of service in the form of a hyperlink immediately above or below a button that must be clicked to

affirmatively acknowledge the terms, place an order, or register for an account." *In Re Ring LLC*

*Privacy Litig.*, No. CV 19-10899-MWF (RAOx), 2021 U.S. Dist. LEXIS 118461, at *19 (C.D.

Cal. June 24, 2021) (citations omitted).

Clickwrap agreements are routinely upheld. *Keebaugh v. Warner Bros. Ent. Inc.*, 100

F.4th 1005, 1014 (9th Cir. 2024) (citations omitted). Enforceability of other agreements on the

spectrum depends on whether the user had actual or constructive (i.e., inquiry) notice of the

Page 12 – DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL ARBITRATION AND STAY
PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

terms of use. *Nguyen*, 763 F.3d at 1176-77 (citations omitted); *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022) (citations omitted). An enforceable contract exists under a constructive notice theory if: (1) the website provided reasonably conspicuous notice of the terms to which the consumer would be bound; and (2) the consumer took some action, such as clicking a button, that manifests assent to those terms. *Berman*, 30 F.4th at 856 (citations omitted).

Plaintiff argues that *Berman* shows that neither requirement is met here. Plaintiff is once again incorrect. Both requirements are met here.

*Berman* involved users of two websites operated by the defendant—a returning user to www.getsamplesonlinenow.com and a new user to www.retailproductzone.com. *Id.* at 853-54. The following are images of the webpages that were at issue:

Webpage displayed to returning user at
www.getsamplesonlinenow.com

Webpage displayed to new user at
www.retailproductzone.com





*Id.* at 853-54, 860-61.

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

The defendant moved to compel arbitration of the plaintiffs' claims based on an

arbitration provision in each website's terms and conditions. *Id.* at 853. Each webpage had

language about consent to the terms and conditions above a green continue button on the page.

*Id*. at 853-54.

The Ninth Circuit Court of Appeals held that the district court did not err in denying the

motion to compel arbitration because the webpages did not provide reasonably conspicuous

notice of the terms and conditions, and the users did not unambiguously manifest assent to those

terms. *Id.* at 853, 856-59. As to the first issue, reasonably conspicuous notice, the court noted

that the notice of the terms and conditions on the webpages was "printed in a tiny gray font …

that is so small that it is barely legible to the naked eye," and that the "overall design of the

webpage[s] … draw the user's attention away from the barely readable critical text." *Id*. at 856-

57. The court also found the notice insufficient because, although the terms and conditions were

hyperlinked and "it is permissible to disclose terms and conditions through a hyperlink," the

presence of hyperlinks was not readily apparent from the simple fact that the phrase "Terms and

Conditions" was underlined in the text. *Id*. at 857. The court held that, to make a hyperlink

readily apparent, "[c]ustomary design elements," which include a contrasting font color (usually

blue text) or all capital letters, should be used. *Id*.

As to the second issue, whether the user took some action to manifest consent to the

terms and conditions, the court noted that there was nothing on the webpages that informed the

users that clicking the continue buttons would constitute assent to the terms and conditions. *Id.* at

858. The court stated:

> Both webpages stated, "I understand and agree to the <u>Terms &
> Conditions</u>," but they did not indicate to the user what action
> would constitute assent to those terms and conditions. Likewise,
> the text of the button itself gave no indication that it would bind

Page 14 – DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL ARBITRATION AND STAY
PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

plaintiffs to a set of terms and conditions. This notice defect could easily have been remedied by including such language as, "By clicking the Continue >> button, you agree to the Terms & Conditions." *See, e.g. Meyer[ v. Uber Techs., Inc.]*, 868 F.3d [66,] at 78-80 [2d Cir. 2017] (concluding that an enforceable agreement was formed where the mobile app explicitly warned, "By creating an Uber account, you agree to the TERMS OF SERVICE & PRIVACY POLICY.").

*Berman*, 30 F.4th at 858.

     This case involves the following registration form on the Site:



Hoggatt Decl. ISO Mtns, ¶ 7.

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

It is nothing like the webpages at issue in *Berman*. The notice is not barely legible; the overall design does not draw the user's attention away from the notice provision; and the existence of the hyperlinked Terms of Use are denoted by a customary hyperlink design element—the use of a distinct blue font. The blue font not only identifies the existence of the hyperlinks for both the Privacy Policy and the Terms of Use, it also pulls the user's eye to the notice provision. Unlike the webpages at issue in *Berman*, the registration form on the Site here provides reasonably conspicuous notice of the Terms of Use.

In terms of the manifestation of assent element, the registration form on the Site here also has what the webpages in *Berman* were missing: notification to the user that clicking the "Continue" button constitutes acceptance of the Terms of Use. *See* Hoggatt Decl. ISO Mtns, ¶ 7; *Berman*, 30 F.4th at 857-58. The language directly under the "Continue" button states:

> By clicking 'Continue', I agree to receive relevant emails from FreeSamplesProUSA and its partners. I also agree to the Privacy Policy which includes details on the collection and use of my personal data, and the Terms of Use which includes a mandatory arbitration provision, and this site's use of site visit recording technology provided by TrustedForm, Jornaya and Lucky Orange.

Hoggatt Decl. ISO Mtns, ¶ 7. That is precisely the type of language that *Berman* indicates is adequate to satisfy the manifestation of assent element. *See Berman*, 30 F.4th at 858 (citations omitted) ("This notice defect could easily have been remedied by including language such as, "By clicking the Continue >> button, you agree to the Terms & Conditions.").[4]

---

[4] In her response, Plaintiff states that her counsel went to freesamplesprousa.com to "investigate" Defendants' claims about the Site and when he did so, "something peculiar happened: the [P]laintiff's counsel was able to proceed to submit his information *without agreeing to the arbitration provision on the website* or any of the terms." Plaintiff's Response, p. 16 (emphasis in original). It is difficult to guess what Plaintiff is trying to say happened since there is no additional information nor any screenshots provided, but it does not matter anyway. What matters for purposes of the motion to compel arbitration is that the only evidence in the record is that Plaintiff had to hit the "Continue" button at the time of her September 29, 2024, Site visit

Page 16 – DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

It also is worth noting that Plaintiff's interaction with the registration form on the Site is not the only place that she provided consent to the Terms of Use on September 29, 2024. Consent also was provided a second time during that same Site visit via Plaintiff's response to a Medicare survey question. *See* Hoggatt Decl. ISO Mtns, ¶¶ 13-14. The consent provision in the Medicare survey question too had the Terms of Use and Privacy Policy hyperlinked and utilized a customary design element (distinct blue text) to identify the hyperlinks. *Id.*; Hoggatt Decl. ISO Reply, ¶ 5. The consent provision also directly informed the user that selecting one of the Medicare buttons, as Plaintiff did, constituted consent to the Terms of Use. Hoggatt Decl. ISO Mtns, ¶¶ 13-14 (language directly below the survey response options, stating: "By clicking 'Medicare Parts A&B' "Medicare Supplement" "Medicare Advantage' or 'Medicare & Medicaid', I provide my express written consent via this webform to initiate a chat interaction for a licensed sales agent associated with SmartMatch Insurance Agency LLC to contact me … I agree to the Privacy Policy and Terms of Use.").

The Site adequately called Plaintiff's attention to (1) the existence of the Terms of Use, and (2) the fact that, by clicking the certain buttons, she was agreeing to be bound by those terms, including the Arbitration Agreement. Thus, the Court should enforce the Arbitration Agreement and grant Defendants' motion to compel arbitration.

---

and that the language below the "Continue" button notified Plaintiff that, by pressing the button, she was consenting to the Terms of Use. *See* Hoggatt Decl. ISO Mtns, ¶¶ 7, 10-11; Hoggatt Decl. ISO Reply, ¶ 4. What may or may not have happened when Plaintiff's counsel presumably went to the Site, hit the "Sign Up" button on the Site, and interacted with a different form than Plaintiff interacted with on September 29, 2024, is irrelevant to the issues before the Court. *See* Hoggatt Decl. ISO Reply, ¶ 4.

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

5.    **The Federal E-Sign Act has nothing to do with the motion to compel arbitration and, in any event, the TCPA consent here complies with the act.**

Plaintiffs' final argument is that the motion to compel arbitration should be denied because Federal Communications Commission regulations implementing the TCPA require a signed writing and, according to Plaintiff, the requirements of the Federal E-SIGN Act (15 USCS § 7001) were not met for purposes of the TPCA consent in this case. Plaintiff's argument fails for two reasons.

First, whether or not the TCPA consent here ultimately does or does not comply with the E-SIGN Act has nothing to do with whether the Terms of Use are enforceable and the motion to compel arbitration should be granted. Plaintiff does not identify anything that suggests that enforcing an arbitration agreement even requires an analysis of TCPA consent under the E-SIGN Act. In fact, the two cases Plaintiff cites in support of her argument—*Mantha v. QuoteWizard.com, LLC*, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 245059 (D. Mass. Dec. 13, 2021), and *Bradley v. Dentalplans.com*, No. 20-1094-BAH, 2024 U.S. Dist. LEXIS 100550 (D. Md. June 6, 2024)—have nothing to do with an arbitration provision or a motion to compel arbitration. Plaintiff's E-SIGN Act arguments are merely a thinly veiled attempt to confuse the issue of TCPA consent with enforceability of the arbitration agreement itself.

Second, although it does not matter because the validity or invalidity of any TCPA consent is not before the Court via this motion, Plaintiff is wrong that the TCPA consent here does not comply with the E-SIGN Act. An electronic record satisfies the E-SIGN Act's requirements if: (1) the consumer affirmatively consented to such use; and (2) before consenting, the consumer was provided with a clear and conspicuous statement regarding the collection, storage, and termination of such electronic record. 15 USCS § 7001(c)(A)-(B). Plaintiff argues

Page 18 – DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

that any TPCA consent here was invalid because Plaintiff was not informed about collection and storage of electronic records, nor the procedures for granting or withdrawing consent.

Plaintiff is wrong because the required information was contained in the Site's consent language, the Terms of Use, and the Privacy Policy (both the Terms of Use and the Privacy Policy were hyperlinked below the "Continue" button on the registration section of the Site and the Medicare survey question on the Site). *See* Hoggatt Decl. ISO Mtns, ¶¶ 7-8, 13; Ex. B to Hoggatt Decl. ISO Mtns; Hoggatt Decl. ISO Reply, ¶ 5; Hoggatt Decl. ISO Reply, Ex. A. Thus, even if Plaintiff's argument regarding the E-SIGN Act mattered (which it does not for current purposes), the argument would fail. Accordingly, the Court should reject Plaintiff's argument and grant the motion to compel arbitration.

**B.**     **The class allegations should be stricken.**

Looking beyond the fact that the Terms of Use contain a Class Action Waiver, Plaintiff's response to Defendants' motion to compel arbitration demonstrates precisely why the class allegations are inappropriate here—the proceedings may devolve into mini-trials to make an individualized determination about whether putative class members are subject to the Terms of Use, including the Arbitration Agreement and Class Action Waiver. When individual issues predominate, like they do here, policy considerations compel striking the class allegations at the pleading stage.

Page 19 – DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND TO STRIKE CLASS ALLEGATIONS
324239340v.1

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants requests this Court grant their motion to compel

arbitration and stay proceedings and their motion to strike the class allegations.

DATE: November 13, 2025.

WILSON ELSER MOSKOWITZ EDELMAN &
DICKER LLP

By: <u>s/  Rachel Robinson</u>
    George S. Pitcher, OSB #963982
    Rachel Robinson, OSB #084550
    Maryn Sommerfeldt, OSB #244842
    Email: George.Pitcher@wilsonelser.com
        Rachel.Robinson@wilsonelser.com
        Maryn.Sommerfeldt@wilsonelser.com

*Attorneys for Defendant Interest Media, Inc.*

SESSIONS, ISRAEL, & SHARTLE, LLC

By: <u>s/  Michael Alltmont</u>
    Michael Alltmont, admitted *Pro Hac Vice*
    Email: malltmont@sessions.legal

*Attorneys for Defendant SmartMatch Insurance
Agency, LLC*

**Wilson Elser Moskowitz Edelman & Dicker LLP**
805 SW Broadway, Suite 2460
Portland, Oregon 97205
Telephone: 971.352.3026 • Fax 971.352.3019