IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

Sharon McCullagh, ,

                    Plaintiff,

v.

SmartMatch Insurance Agency, LLC,
And Interest Media, Inc.,

                    Defendants.

TRIAL MANAGEMENT
ORDER

Case No. 1:25-cv-00174-CL

**CLARKE, Magistrate Judge.**

I.    A 3-day jury trial will commence on **September 29, 2026, at 9:00 a.m.** [1]
Counsel will be available at 8:00 a.m.

II.    An in-person pretrial conference will be held on **September 29, 2026, at
10:00 a.m. in Medford.**

III.    The following pretrial documents, separately submitted and captioned, are
due as indicated below.   Unless otherwise indicated, the documents shall be filed
electronically in accordance with Local Rule 100.   Opposing counsel should <u>receive</u>
their copies by that date as well.

This order is separate from requirements set forth in the Federal Rules of Civil

---

1  Certainty of trial date subject to all parties consenting to trial by a Magistrate Judge
by the time the joint pretrial order is lodged.

Procedure.    Parties are required to submit appropriate filings and disclosures as outlined therein, such as the witness disclosure rules found in Rule 26.

All parties shall be joined and pleadings amended 60 days before the close of discovery.

The parties shall comply with federal statutes and procedural rules restricting publication of certain personal data in documents publicly filed with the Court. Social Security, taxpayer identification, and financial account numbers must be redacted entirely or else restricted to the last four digits.    Minor children ordinarily will be referred to by initials, with dates of birth limited to the year.    The parties should avoid eliciting such information during testimony or other public court proceedings.    If circumstances necessitate referring to personal data, the parties shall advise the Court beforehand.

### A.    PRETRIAL DOCUMENTS DUE ON September 4, 2026

A.1.    EXHIBITS AND EXHIBIT LIST.    The parties are to exchange all trial exhibits.    All exhibits must be marked with a color-coded exhibit sticker (yellow for plaintiff, blue for defendant) in the lower right hand corner of the exhibit; the number of the exhibit and the case number shall appear on each exhibit sticker.    Plaintiff's exhibits shall be numbered starting with "1".    Defendants' exhibits shall be numbered starting with "101," with defendants' counsel agreeing on either joint exhibits or on separate numbering for each defendant's exhibits, e.g., starting with 201, 301, etc. Multiple page exhibits must be marked with a sticker containing the exhibit number and the page number on each page, e.g.,
101-1, 101-2, etc.    If an exhibit is later replaced by a revised version, the replacement exhibit shall be denoted with a letter suffix, e.g., exhibit 101A would replace 101.

Each party shall furnish the Clerk's Office (not file) in Medford with the original marked exhibits in a three-ring binder separated by numbered tabs, plus a duplicate

binder for the Court.

Each party shall file a list of its proposed exhibits, in numerical order, with a short identifying description (e.g., "letter from Smith to Jones, dated Jan. 1, 2000").

A.2.    WITNESS LIST AND WITNESS STATEMENTS.    Each party shall file a list of its witnesses.    In separate witness statements, include a summary of the testimony for each witness.    Do not give just the subject, give the substance.    For example, do not state, "The witness will testify about the accident."    State, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour."    Include an estimate of the time for each witness.

A.3.    EXPERT WITNESS LIST AND EXPERT WITNESS STATEMENTS.    Each party shall file a list of its expert witnesses.    In   separate expert witness statements, include qualifications, any opinions to be expressed, the facts and data upon which the opinions are based, any exhibits to be used by the witness, a list of all publications authored by the expert in the past 10 years, the compensation to be paid for the study and testimony, and a list of any other cases in which the witness testified as an expert in deposition or at trial in the last four years.

A.4.    PURGED DEPOSITIONS.    If a party intends to offer deposition testimony as substantive (not impeachment) evidence, the party shall file the deposition testimony.    The offering party must underline the portions to be read to the jury.    Plaintiff should underline its proposed testimony in red, Defendants should underline their proposed testimony in blue.

A.5.    STIPULATED FACTS.    Plaintiff shall serve Defendants with a list of proposed stipulated facts.

A.6.    TRIAL BRIEF. Each party shall file a trial brief.    The trial brief must include a discussion of all the elements of all claims and defenses the parties are proceeding with at trial, supported by citations to authority.

### B.    PRETRIAL DOCUMENTS DUE ON September 11, 2026

B.1.    OBJECTIONS.    Each party must file any objections to    exhibits, witnesses, expert witnesses, and marked deposition testimony.    Each party shall also file any additional deposition testimony the opposing party contends should be read to the jury.    **Failure to file written objections by this date    may result in waiver of the objections**.

B.2.    MOTIONS IN LIMINE.    Each party shall file any motions in limine. **Failure to file motions in limine by this date may result in waiver of the motions.**

B.3.    STIPULATED FACTS.    Defendants shall serve their responses on plaintiff, including any additional proposed stipulated facts.    The parties shall then confer to arrive at a joint statement of stipulated facts.    Do not refuse to agree to a fact based on relevance.    Instead, each party should indicate which facts it believes are true but not relevant (one asterisk next to the proposed fact for Plaintiff, and two asterisks for Defendants).    If, by the end of trial, the Court finds that a party unreasonably refused to agree to a fact, the Court may award sanctions in favor of the party required to prove the fact at trial.

### C.    PRETRIAL DOCUMENTS DUE ON September 18, 2026

C.1.    RESPONSES TO OBJECTIONS AND RESPONSES TO MOTIONS IN LIMINE. Each party shall file responses to objections to exhibits; responses to objections to witnesses; responses to objections to expert witnesses; responses to objections to marked deposition testimony, or additional testimony; and responses to motions in limine.    **Failure to file written responses to the objections or written responses to the motions in limine by this date may result in an order granting the unopposed objections or motions in limine.**

C.2.    ITEMIZED LIST OF SPECIAL DAMAGES.    Each party shall file an itemized

list of special damages, if any.

C.3.   JOINT STATEMENT OF STIPULATED FACTS.   The parties' joint statement of stipulated facts shall be filed.

C.4.   IMPEACHMENT EXHIBITS.   All impeachment exhibits shall be marked and numbered in sequence, and sealed in an envelope labeled "Impeachment Exhibits."   Sealed envelopes shall be left with the Clerk's Office for delivery only to the Judge's chambers.   However, unless they are true impeachment exhibits, they will not be admitted at trial unless previously disclosed.   When in doubt, an exhibit should be listed and disclosed.

C.5.   VOIR DIRE QUESTIONS.   Each party shall file requested voir dire questions.

C.6.   JURY INSTRUCTIONS.   Each party shall file proposed jury instructions. Jury instructions shall be submitted in full text format, with citations to supporting authority.   If there are more than 20 jury instructions, attach an index.

C.7.   VERDICT FORM.   Each party shall file a proposed verdict form.

IV.   Failure to file the required trial documents by the due dates could result in appropriate sanctions.   The parties may not stipulate to any extensions of these deadlines.

V.   The courtroom is equipped with an evidence presentation system.   You are encouraged to use this equipment during trial.   Arrangements may be made for the use of the equipment by contacting the Clerk at 541-608-8777, *at least one week in advance of  trial.*   The Clerk will arrange to demonstrate the equipment, but you must make arrangements for this *prior* to trial.

VI.   At the pretrial conference, the parties shall be prepared to discuss:

a) eliminating or shortening testimony or exhibits;

b) counsel's estimate of the trial time;

5 - ORDER ESTABLISHING TRIAL DATES AND PROCEDURES

c) whether the parties are pursuing all claims and defenses set forth in the pleadings or pretrial order;

d) what claims are for the Court to decide and what claims will go to the jury;

e) objections to exhibits, if any;

f) objections to deposition testimony, if any;

g) motions in limine, if any;

h) stipulated facts;

i) whether counsel foresee any special problems with witness testimony;

j) any anticipated evidentiary issues;

k) voir dire questions;

l) settlement;

m) juror notebooks; and

n) trial procedures, such as peremptory challenges procedure; the number of jurors who will be seated; the use of any telephonic or video depositions; the use of the evidence presentation system in the courtroom; the use of the VCR or a DVD player; the use of the lectern; and any general questions about trial procedures.

VII.    Except for good cause shown, **no exhibits or testimony will be received in evidence at trial unless presented in accordance with this Order.**

IT IS SO ORDERED.

DATED this __22__ day of __April__, 2026.

_____
MARK D. CLARKE, US Magistrate Judge

6 - ORDER ESTABLISHING TRIAL DATES AND PROCEDURES